FILED
SUPERIOR COURT
OF GUAM

2012 JAN -6 AM 10:52

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

SALVADOR ENRIQUEZ,                    )
                                      )    **CIVIL CASE NO. CV1486-11**
              Plaintiff,              )
                                      )
        vs.                           )    **DECISION AND ORDER**
                                      )
ELISE SMITH,                          )
                                      )
              Defendant.              )
_____ )

### INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on the Defendant's motion to dismiss or for summary judgment, filed September 21, 2011. The Attorney General joined the motion pursuant to 7 GCA § 17106(f) on September 30, 2011. Oral arguments were heard on December 12, 2011. Attorney Douglas B. Moylan represented the Plaintiff, Attorney Robert L. Keogh appeared on behalf of the Defendant, and Assistant Attorney General David J. Highsmith appeared in support of the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On or about January 3, 2008, Dr. Hugh Sule (hereinafter "Dr. Sule") commenced a dental procedure on Defendant Elise Smith (hereinafter "Smith") which allegedly eventually caused her injury. Smith lodged a complaint with the Board of Examiners for Dentistry (hereinafter "the Dental Board"), and the Dental Board conducted an investigation pursuant to 10 GCA § 12417. During the investigation, Smith identified Plaintiff Salvador Enriquez (hereinafter "Enriquez") as Dr. Sule's assistant during the dental procedure who allegedly performed the procedure initially begun by Dr. Sule.

On the basis of the investigation, the Attorney General filed disciplinary charges against Dr. Sule and Enriquez on June 7, 2010. (Complaint Exhibit "A", Sept. 1, 2011.) The disciplinary case remains ongoing and a trial is allegedly pending before the Dental Board. On September 1, 2011, Enriquez filed the present civil action against Smith for defamation, invasion

of privacy, and the infliction of emotional distress for allegedly misidentifying him in the disciplinary proceedings. Enriquez's complaint alleges that Smith published the misidentification, "to third persons, to include the Board members and staff...and possibly others." (Complaint ¶¶ 20, 21, 31, 32, Sept. 1, 2011.)

On September 21, 2011, Smith filed a motion to dismiss per Guam R. Civ. P. 12(b)(6) on the bases of privilege under 19 GCA § 2105(b). In the alternative, Smith moved for summary judgment under the Citizen Participation in Government Act (hereinafter "the CPGA"), codified at 7 GCA § 17101 *et seq.* Smith contends that the complaint must be dismissed because her grievance before the Dental Board is an official proceeding authorized by law and her acts to provide information to the government are immune from liability. Alternatively, Smith argues that Enriquez's lawsuit is a "Strategic Lawsuit Against Public Participation", or "SLAPP" lawsuit intended to censor, chill, intimidate or punish Smith for involving herself in public affairs. On this basis, and pursuant to the CPGA, Smith claims that summary judgment and an award of costs, attorney fees and additional sanctions are mandatory.

On September 22, 2011, Enriquez filed a notice and an amended notice of voluntary dismissal pursuant to Guam R. Civ. P. 41(a)(1)(i). On September 30, 2011, the Attorney General entered an appearance and joined Smith's motion pursuant to 7 GCA § 17106(f). On October 13, 2011, Enriquez filed an opposition to Smith's motion to dismiss or for summary judgment. Enriquez makes the following arguments in opposition: 1) the complaint was timely dismissed; 2) the complaint is outside the scope of the CPGA because it alleges that Wilson published the misidentification to "possibly others"; 3) Smith's petition to the Board was not aimed at procuring disciplinary action; and 4) the circumstances warrant leave to amend instead of fines and sanctions.

## DISCUSSION

As a preliminary matter, the Court does not agree that Enriquez timely dismissed his complaint. Pursuant to Guam R. Civ. P. 41(a)(1), a plaintiff may unilaterally dismiss a civil action by filing a notice of dismissal before the service of an answer or a motion for summary judgment. In this case, Enriquez filed an amended notice of dismissal under Rule 41(a)(1) after

Smith filed her motion for summary judgment and notice of motion for summary judgment. For this reason, Enriquez cannot unilaterally dismiss his complaint and the Court shall address the merits of Smith's motion.

Under Guam R. Civ. P. 12(b)(6), a claim may be dismissed where it, "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Core Tech Intn'l Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to dismiss a claim pursuant to Rule 12(b)(6), a court must review the complaint in the light most favorable to the plaintiff, accept its material allegations of fact as true, and resolve any doubts in favor of the plaintiff. *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9.

In this case, Enriquez asserts claims of defamation, invasion of privacy and the infliction of emotional distress against Smith. His complaint alleges that Smith wrongfully published a misidentification of Enriquez, "to third persons, to include the Board members and staff...and possibly others." (Complaint ¶¶ 20, 21, 31, 32, Sept. 1, 2011.) The complaint alleges that the wrongful publication caused Enriquez to be defamed, to be portrayed in a false light, and to suffer emotional distress. *Id.* at ¶¶ 25-29, 36-40, 46-50, 53-60, 67-72.

Pursuant to 19 GCA § 2105(b)(3), publications made in any official proceeding authorized by law are privileged communications. The Supreme Court of Guam states that a privilege of absolute immunity is justified under Section 2105(b)(3) for any official proceeding with, "a significant public interest and sufficient procedural safeguards...analogous to judicial and legislative proceedings." *Marcis v. Richardson*, 2010 Guam 6 ¶ 34. In *Marcis*, the Court recognized the importance of the public interest to improve the quality of healthcare without the fear of a retaliatory lawsuit. *Id.* at ¶ 20. The *Marcis* Court further applied the privilege of absolute immunity to a communication that prompts an official proceeding, because it, "is as much a part of the 'official proceeding' as a communication made after the proceedings have commenced." *Id.* at ¶ 19 (quoting *King v. Borges*, 104 Cal.Rptr.414, 417 (Ct.App. 1972)).

In this case, the Dental Board initiated disciplinary proceedings against Enriquez after Smith lodged her complaint and identified Enriquez. Similar to *Marcis*, the Dental Board

proceedings serve the significant public interest of improving the quality of healthcare without the fear of a retaliatory lawsuit. Furthermore, the Dental Board proceedings are conducted with procedural safeguards under the Administrative Adjudication Law which, analogous to judicial proceedings, minimize the occurrence of false and defamatory statements. *See* 10 GCA § 12418(a); 5 GCA § 9201 *et seq.*; *Marcis*, 2010 Guam 6 at ¶¶ 30-34. Finally, Smith's complaint and identification of Enriquez are a part of the official proceeding and share the same level of privilege as any statement made during the proceedings. *See Marcis*, 2010 Guam 6 at ¶ 19. For these reasons, absolute immunity is justified for Smith's publication of defamatory statements before the Dental Board. Therefore, Enriquez's claims of injury cannot be granted and they shall be dismissed.

A complaint that is attacked under Guam R. Civ. P. 12(b)(6), "need not contain detailed factual allegations, [but] a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Core Tech*, 2010 Guam 13 at ¶ 52 (quoting *Twombly*, 550 U.S. at 555). Guam R. Civ. P. 12(b)(6) was adopted from Fed. R. Civ. P. 12(b)(6) and a federal court's interpretation of the analogous federal rule is persuasive authority. Guam R. Civ. P. 12(b)(6). *See also Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 24 n. 13; *Pelowski v. Taitano*, 2000 Guam 34 ¶ 12. The U.S. Supreme Court holds the following regarding how substantive a pleading must be to survive a Civil Procedure Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'…The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully…But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) (citations omitted).

The complaint in this matter alleges that Smith published her misidentification of

Enriquez to the Dental Board, "and possibly others." (Complaint ¶¶ 20, 21, 31, 32, Sept. 1, 2011.) Her publication to the Dental Board is privileged and immune from liability as discussed *supra*. The remaining factual allegation that Smith possibly published defamatory information to others, when taken as true, is a statement of sheer possibility. The pleading does not permit the Court to infer more than a mere possibility of misconduct. Absent a well plead fact of actual or plausible publication, the complaint fails to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). For these reasons, the claim of possible publication to others is not plausible on its face and it shall be dismissed.

As an alternative to dismissal, Enriquez offers an amended complaint which contains the same claims and an amended allegation that Smith communicated defamatory statements to third persons who are not the Dental Board members or staff, and who are not related to her ethics complaint to the Dental Board. (Opposition, Exhibit "F" ¶¶ 14, 25, 36, 40, 45, 60, Oct. 13, 2011.) However, the proposed "First Amended Complaint" (hereinafter "FAC") is a futile amendment because, like the complaint, it fails to satisfy the plausibility standard set forth by the U.S. Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662. Therein the Court explained:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

*Ashcroft*, 556 U.S. 662, 129 S.Ct. at 1949 (citations omitted).

The Court goes on to explain that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*, 556 U.S. 662, 129 S.Ct. at 1949-50 (citations omitted).

In this case, the proposed FAC does not include any additional factual allegations of communication that are not privileged pursuant to 19 GCA § 2105. *See* discussion *supra*. The

stated causes of action in the FAC fail to give any factual details to support the bare allegations that Smith made defamatory communications to third parties unrelated to the Dental Board proceedings. Some supporting factual allegation is necessary to create a sufficient pleading under Guam R. Civ. P. 8(a). *See, e.g., Dorothy K. Winston & Co. v. Town Heights Development, Inc.*, 376 F.Supp. 1214, 1217 (D.C. 1974) (*citing* Wright, *Federal Courts*, § 68, pp. 247-48) ("A complaint…need only outline a recognized legal or equitable claim which sufficiently pinpoints the time, place and circumstances of the alleged occurrences….").

Here Enriquez proposes only 'naked assertions' that are 'devoid of further factual enhancement', which will not survive a motion to dismiss. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). The proposed FAC merely offers 'threadbare recitals of the elements' supported by nothing more than conclusory legal statements and without factual allegations that warrant legal redress. As such, the proposed FAC fails to state a claim for relief that is plausible on its face. *See Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 379 (7th Cir. 1988) ("[A] conclusion, without any facts alleged to support it, is simply insufficient."). On this basis, the proposed FAC is a futile attempt to amend the complaint and the request to so amend is denied accordingly. *See, e.g., Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16.

Finally, the need to address Smith's argument in the alternative under the CPGA is obviated since the Court has granted Smith's motion on the basis of her principal argument under Guam R. Civ. P. 12(b)(6).

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant Elise Smith's motion to dismiss is hereby GRANTED on the basis of Guam R. Civ. P. 12(b)(6) and the Plaintiff's complaint is hereby DISMISSED.

SO ORDERED this 6TH day of January, 2012.

**HONORABLE JAMES L. CANTO II**
**Judge Superior Court of Guam**